IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

HORATIO CLARK FORD III,

        Plaintiff,

v.                          No. CIV 99-855 BB/RLP

BANK OF AMERICA; FIRST FEDERAL BANK; VALLEY BANK OF COMMERCE (in Roswell); FIRST SECURITY BANK; VALLEY BANK OF COMMERCE (in Dexter); SUSAN L. GARCIA; KAREN L. POWERS; TAMMEY BEAVER; JESSICA BRYANT; MAE ARNOLD; PAULA FRANCO; and VIOLA MARTINEZ,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING RULE 60 MOTION

PLAINTIFF filed a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure seeking to set aside this Court's prior judgment. The Court having considered the briefs of the parties, FINDS the motion is totally frivolous and it will be Denied.

*Discussion*

Plaintiff seeks to set aside the dismissal order entered in this case on December 16, 1999, on the grounds of a "clerical omission" or that the case was not decided by an Article III judge. Neither argument has any merit.

Plaintiff's motion is based upon his misunderstanding of the authority of a Magistrate Judge and what was done in this case. The case was assigned to me, with Magistrate Judge Richard L. Puglisi assigned, pursuant to 28 U.S.C. § 636(b)(1), to hear such pretrial matters as are authorized. This statute obviously contemplates that the Magistrate Judge will play a role in the initial discovery conference. *See Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404 (9th Cir.), *cert. denied*, 502 U.S. 994 (1991).

Defendants filed motions to dismiss, but they were not addressed by this Court until December 1999. In the meantime, Judge Puglisi entered the Initial Scheduling Order on October 27, 1999. A scheduling conference as contemplated by Federal Rule of Civil Procedure 16 was held. Mr. Ford appeared at that conference. At the conference, Judge Puglisi indicated he would stay discovery pending my ruling on the dispositive motions. Plaintiff registered no objection to Judge Puglisi and failed to appeal the order.

Federal Rule of Civil Procedure 16(b) expressly contemplates that a Magistrate Judge, under local rule, may enter a scheduling order:

> (b) **Scheduling and Planning.** Except in categories of actions exempted by district court rule as inappropriate, the judge, **or a magistrate** when authorized by district court rule, shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, telephone, mail, or other suitable means, **enter a scheduling order** that limits the time ....
>
> The order shall issue as soon as practicable but in no event more than 120 days after filing of the complaint. A schedule shall not be modified except by leave of the judge **or a magistrate** when authorized by district court rule upon a showing of good cause.

Fed. R. Civ. P. 16(b) (emphasis added).

Local Rule D.N.M.LR-Civ. 16.1 provides *inter alia*

> 16.1 **Initial Pretrial Report**. An Initial Pretrial Report form is available from the Clerk. The parties must complete the Initial Pretrial Report during their Fed. R. Civ. P. 26(f) meet-and-confer conference. A consolidated report, signed by the parties and with dates left blank, **must be sent to the assigned Magistrate Judge** at least five (5) calendar days before the scheduling conference. Any deadlines established in the Initial Pretrial Report will govern actions in pretrial matters once the report is **entered by the Court**. Any modification of the deadlines, whether or not opposed, will require a showing of good cause **and Court approval.**

Local Rule D.N.M.LR-Civ. 1.5 provides a definition of "Court" as "a United States District Judge **or United States Magistrate Judge**."  (Emphasis added).

Local rules implementing the pretrial conference requirements of Federal Rule 16 have the force and effect of law.  *Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980), *cert. denied*, 450 U.S. 918 (1981).  So, Judge Puglisi did exactly what both the Federal Rules of Civil Procedure and the New Mexico local rules contemplate.

I then held a hearing on all pending motions on December 3, 1999.  After reviewing the briefs and hearing argument, I entered an order dismissing Plaintiff's claims.  I decided, not Judge Puglisi, the issues regarding the legal sufficiency of the claims.  Therefore, it is clear that Plaintiff was not denied an opportunity to have this matter considered by an Article III judge.  Plaintiff then appealed my decision to the Tenth Circuit.  *Ford v. First Federal Bank*, No. 99-2368 (10th Cir. 2000).  It was affirmed.

At no time either in this Court or the Tenth Circuit did Plaintiff raise any concern about Judge Puglisi's scheduling order staying discovery.  Federal Rule of Civil Procedure 60 is not an appropriate vehicle to do so now.  *See In re Craddock*, 149 F.3d 1249 (10th Cir. 1998); *Blinder, Robinson & Co. v. SEC*, 748 F.2d 1415 (10th Cir. 1984), *cert. denied*, 471 U.S. 1125 (1985).

In light of the total absence of legal support for this motion, Plaintiff is warned that *pro se* litigants are subject to sanctions under Federal Rule of Civil Procedure 11. *Johnson v. Waddell & Reed*, 74 F.3d 147 (7th Cir. 1996); *Hicks v. Bexar County, Tex.*, 973 F. Supp. 653 (W.D. Tex. 1997), *aff'd*, 137 F.3d 1352 (5th Cir. 1998).

## O R D E R

For the above stated reasons, Plaintiff's Motion to Reopen the Judgment is **DENIED**.

Dated at Albuquerque this 27th day of February, 2001.

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　**BRUCE D. BLACK**
　　　　　　　　　　　　　　　　　　　　United States District Judge